IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SARA LYNN TONER, )
)
    Plaintiff, )
)
 -vs- ) Civil Action No. 16-165
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Background

Plaintiff Sara Lynn Toner ("Toner") brings this action pursuant to 42 U.S.C. § 1383(c)(3) for review of the ALJ's decision denying of her claim supplemental security income (SSI) under Titles XVI of the Social Security Act, 42 U.S.C. §§ 401-34, 1381-1383f. Toner alleges a disability beginning on January 5, 2012[2] based upon both physical and mental impairments. Her claims were denied initially and upon reconsideration. (R. 31) Following a hearing before an ALJ, during which both Toner and a vocational expert ("VE") testified, the ALJ again denied her claims. The ALJ concluded that Toner had the residual functional capacity ("RFC") to perform a reduced range of sedentary work with some restrictions. (R. 35) Toner appealed. Pending are Cross Motions for Summary Judgment. *See* ECF Docket Nos. [9] and [11]. After careful consideration, the case is affirmed in its entirety.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.
[2] Toner initially provided an alleged onset date of October 1, 2007 but subsequently amended it to January 5, 2012. (R. 59-60)

1

## Legal Analysis

1. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id. A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

    2. <u>Opinion Evidence</u>

Toner contends that the ALJ's decision is not supported by substantial evidence of record. More specifically, she takes issue with the "significant weight" that the ALJ gave to the opinion of the state agency non-examining physician and with the "limited or little weight" to the findings of every other treating or examining source. The amount of weight accorded to medical opinions is well-established. The ALJ will give more weight to opinions from a treating physician "since those sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a] claimant's medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimants] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id*, § 416.927(c).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting, Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where … the opinion of a treating physician conflicts with that of a non-treating nonexamining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a

> treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r. of Soc. Sec.*, Civ. No. 10-2517, 2010 WL 5078238, at * 5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose who to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r. of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009). Additionally, I note that state agency opinions merit significant consideration. *See* SSR 96-6p ("Because state agency medical and psychological consultants … are experts in the social security disability programs, … 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] … to consider their findings of fact about the nature and severity of an individual's impairment(s) ….").

After careful consideration, I reject Toner's contentions. The ALJ's decision to give the opinion offered by Toner's treating psychiatrist, Dr. Ittner, "little weight" was entirely appropriate. The ALJ explained that Dr. Ittner's opinion "appears to have been heavily based on the claimant's subjective reports, and is not consistent with her treatment record, including the treatment notes through Stairways." (R. 44) The ALJ found Toner's statements concerning the intensity, persistence, and limiting effects of her impairments to lack credibility. (R. 37) Toner did not challenge this finding on appeal. Consequently, the ALJ's discounting of Ittner's opinion on this basis is consistent with the case law. *See Roy v. Colvin*, 656 Fed. Appx. 816, 818 (9th Cir. 2016) (finding that substantial evidence of record supported the ALJ's rejection of the treating physician's opinion where it appeared to be derived from the claimant's self-reports which the ALJ found to lack credibility, and where it was inconsistent with other evidence of record.). Additionally, substantial evidence of record supports the ALJ's

5

conclusion that Dr. Ittner's opinion was inconsistent with the medical records. For instance, Toner's global assessment functioning (GAF") score improved from 20 to 45 by August of 2012 and to 55 in January of 2014. (R. 40-41) Further, treatment notes described Toner as "stable" and "doing well" and as having "fairly normal" mental status examinations. (R. 41) Toner herself reported an improved mood with less anxiety and depression. (R. 41) Records from September of 2013 indicated that Toner had progressed with her treatment and had been doing "very well" on her medication. (R. 41) Only a few months later, in December of 2013, Toner began her treatment at Stairways Behavioral Health. Her treatment goals included "managing anxiety and symptoms of PTSD" which, as the ALJ noted, "are not suggestive of a disabling level of impairment." (R. 41) Simply stated, these records are inconsistent with a finding that Toner had marked or extreme limitations in her ability to interact with co-workers or supervisors, or to respond to work pressures in a usual work setting, or to changes in a routine work setting, or that Toner would likely call off 3 days in a 5 day work week or would need 5 to 8 breaks per day in excess of 5-10 minutes per 8 hour workday. (R. 476).

Toner suggests that the opinion offered by Dr. Glenn Bailey, who performed a consultative examination in August of 2010, supports Dr. Ittner's opinion and that the ALJ erred in not giving more weight to Dr. Ittner's and Dr. Bailey's opinions. This argument is not compelling. As the ALJ noted, "[s]ome of Dr. Bailey's opinion is fairly consistent with the claimant's mental health treatment records, although it is given only limited weight because it predates the period at issue in this case and also represents just a snapshot assessment of functioning." (R. 42) Indeed, Dr. Bailey assigned Toner a

GAF score of 55, indicating only moderate symptoms. (R. 42) Further, although Dr. Bailey assessed "marked limitations in responding appropriately to pressure and change in the work setting, … [no] more than slight limitations were assessed in the claimant's ability to work with short, simple instructions or to understand and remember even detailed instructions." (R. 42) Consequently, the ALJ's decision to give Dr. Bailey's opinion "limited weight" is entirely appropriate.

I also find the ALJ's decision to give Dr. Glenn Thompson's opinion ""little" weight is supported by substantial evidence of record. As the ALJ stated, Dr. Thompson's opinion appeared to have been largely based upon Toner's subjective statements. Additionally, it was inconsistent with objective findings and her treatment records, which, as stated above, documented "a positive response to treatment, with symptom exacerbations typically related to circumstantial factors and managed with medication adjustments." (R. 43)

In contrast, the ALJ's decision to accord the opinion of state psychiatric consultant Dr. Timothy Ostrich "significant weight" is supported by substantial evidence of record. As the ALJ found, Dr. Ostrich's conclusion that Toner had moderate or not significant limitations with regard to all work-related functional areas is consistent with her activities of daily living and the medical records. (R. 43-44)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SARA LYNN TONER )
    Plaintiff, )
)
 -vs- ) Civil Action No. 16-1746
)
NANCY A. BERRYHILL,[3] )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

# ORDER OF COURT

Therefore, this 7th day of September, 2017, it is hereby ORDERED that the decision of the ALJ is affirmed. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's Motion for Summary Judgment (Docket No. 11) is granted.

                                            BY THE COURT:

                                            /s/ Donetta W. Ambrose
                                            Donetta W. Ambrose
                                            United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.